# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF FLORIDA

# PENSACOLA DIVISION

3:25 cv817-MCR-HTC

**Cedric Moore,**

Plaintiff,

v.

FLORIDA DEPARTMENT OF REVENUE,
CHRISTOPHER A. FERRY,

Defendants.

Case No: DR 2022 000997

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND OTHER RELIEF PURSUANT TO 42 U.S.C. § 1983, 28 U.S.C. § 1691, THE FOURTEENTH AMENDMENT, THE FALSE CLAIMS ACT

---

## INTRODUCTION

This is a federal civil rights action challenging the constitutionality and lawfulness of child support enforcement actions undertaken by the Florida Department of Revenue ("DOR"), Christopher A. Ferry (acting as a non-judicial Hearing Officer), and Escambia County Child Support Enforcement/Enforcer.

FILED USDC FLND PN
JUN 12 '25 PM4:17

Plaintiff alleges ongoing violations of federally protected rights under **42 U.S.C. § 1983**, including deprivations of due process, equal protection, unlawful seizure of property, deprivation of rights under **Color Of Law**, conspiracy, retaliation, fraudulent enforcement of unvalidated debt, and enforcement of unlawful administrative regulations expressly declared void under federal law and recent Supreme Court precedent.

---

## JURISDICTION AND VENUE

- Jurisdiction is proper in this Court pursuant to **28 U.S.C. §§ 1331, 1343,** and **2201** (*Federal question and declaratory relief*), **42 U.S.C. § 1983** (*Civil rights violations*), and **31 U.S.C. §§ 3729-3733** (*False Claims Act*).

- Venue is proper in this Court pursuant to **28 U.S.C. § 1391(b)** as the events and unlawful acts giving rise to this action occurred within Escambia County, Florida, within this District.

---

## PARTIES

- Plaintiff Cedric Moore is a private pro se citizen domiciled in Santa Rosa County, Florida.

- Defendant Florida Department of Revenue (DOR) is a state administrative agency tasked with Title IV-D child support enforcement.

- Defendant Christopher A. Ferry is an alleged private attorney acting as a "Hearing Officer" in Escambia County Title IV-D proceedings, without constitutional judicial authority.

- Defendant Escambia County Child Support Enforcement operates as a cooperative agency of DOR within Escambia County, Florida.

## STATEMENT OF FACTS & EXHIBITS

### Overview of Violations

Plaintiff Cedric Moore challenges the enforcement actions by Defendants under **Florida's Title IV-D child support enforcement program**, asserting constitutional and statutory violations based on:

- Lack of lawful jurisdiction;

- Use of void administrative orders without judicial signature and seal by the clerk thereof.
- Denial of due process rights;

- Retaliation and coercion (including threats to suspend Plaintiff's driver's license);

- Enforcement of unvalidated debt;

- Violations of recent **U.S. Supreme Court precedent and Executive Order 14219.**

*Defendant Ferry acted under **Color Of Law** in an enforcement action where he exceeded lawful authority in an interstate child support matter. The Florida Department of Revenue and Escambia County Child Support Enforcement participated in and supported this enforcement action, further violating Plaintiff's rights.

*Defendants further failed to comply with mandatory federal regulatory procedures under **45 C.F.R. § 303.101**, which governs Expedited Processes For Child Support actions. Which governs expedited processes for child support actions, and violated

federally published guidance in **CHAPTER 6  The Essentials for Attorneys in Child Support Enforcement (EXPEDITED JUDICIAL AND ADMINISTRATIVE PROCESSES)**, which outlines due process and jurisdictional protocols.

---

**Exhibit A – CHAPTER 6 The Essentials for Attorneys in Child Support Enforcement (EXPEDITED JUDICIAL AND ADMINISTRATIVE PROCESSES)**

– Outlines due process and jurisdictional protocols.

**45 C.F.R. § 303.101: (d)(2), (d)(1), (d)(3) & (c)(2) (Expedite Process)**

– All state child support enforcement must be in accordance with the federal child support under these expedited processes.

---

**Exhibit B –Executive Order 14219 & April 9, 2025 Presidential Memorandum**

– President Donald J. Trump's directive requires all federal and state agencies to repeal unlawful regulations under recent Supreme Court decisions, specifically invalidating enforcement mechanisms such as those used by Florida DOR in this case.

---

**Exhibit C –Writ of Mandamus (March 3, 2025)**

– Demand for production of proof of jurisdiction filed in Escambia County, Florida, Case No. 2022 DR 000997. *(No response nor rebuttal)

**Special Appearance/ Objection to Jurisdiction (March 10, 2025)**

– Denial of consent to jurisdiction with demands for proof of standing, injury-in-fact, and lawful authority.  *(No response nor rebuttal)

**Exhibit D – Objection to Contempt of Void Judgment (June 17, 2024)**

– Challenge to administrative orders as void *Coram Non Judice*. *(No response nor rebuttal)

**Exhibit E– Threat of Driver's License Suspension (April 25, 2024),**

– Letter from DOR threatening to suspend Plaintiff's driver's license as a means of coercion and retaliation for non-compliance prior to due process.

**Notice of Petition to Relief Against The Unlawful Suspension of Driving Privileges (May 13, 2024)**

– Petition addresses due process violation in the unlawful suspension of your driver's license without hearing/ investigations as per process before, invoking strong federal constitutional protections and Supreme Court precedent.

**Exhibit F – Notice of Demand to Disqualify Presiding Judge (November 24, 2023)**

– Formal demand for disqualification of presiding judge or surrogate judge due to conflict of interest and lack of judicial impartiality. *(Dismissed with no valid legal basis **Florida Rule of Judicial Administration 2.330**)

**Affidavit of Truth (November 27, 2023)**

– Filed an affidavit challenging jurisdiction, citizenship, and public persona presumptions. No response or rebuttal by any Defendant, rendering affidavit facts undisputed under law. *(Dismissed with no valid legal basis **Florida Rule of Judicial Administration 2.330**)

**Respondent's Notice of Hearing (November 27, 2023)**

– Plaintiff attended a remote hearing via Zoom scheduled by the Escambia County Title IV-D Court. During this hearing, Defendant Ferry muted Plaintiff's microphone when Plaintiff declined to be sworn and attempted to invoke his right to affirm under **28 U.S.C. § 1746**. Defendant Ferry did not offer the option to affirm, did not clarify Plaintiff's intent, and proceeded with the hearing without allowing Plaintiff to testify or present evidence. This denial of participation was not based on any finding of disruption and constituted a direct violation of Plaintiff's due process rights and **Florida Rule of Judicial Administration 2.530** Due Process Implications if a litigant is: Muted, or Unable to speak or be seen/heard, or denied participation due to refusing to be sworn remotely. this constitute a violation of procedural due process under Rule 2.530, especially if it affects a substantial rights (e.g., custody, support, liberty, property).

---

## Exhibit G – Validation of Debt Demand (Various Dates)

–Multiple demands issued by Plaintiff pursuant to **31 U.S.C. § 3720** and **45 C.F.R. § 302.50** for lawful validation of debt — no proof of judicial judgment or lawful debt validation provided. *(No response nor rebuttal)

## USPS Certified Mail Receipts and Service Proofs

–Documentation of proper service of all filings and demands/requests to DOR and Escambia County officials.

---

## Exhibit H – Administrative Orders without Judicial Signature and Wrongful Establishment of Child Support Orders under 28 U.S.C. § 1691

–Copy of Title IV-D orders lacking required judicial signature and seal pursuant to **28 U.S.C. § 1691**. Orders issued administratively under a non-valid judicial court and a fictitious seal by the clerk thereof (Clerk signature), violating federal law.

---

# CAUSES OF ACTION

## Count 1 — Violation of Due Process Rights (14th Amendment; 42 U.S.C. § 1983)

Plaintiff realleges and incorporates all prior paragraphs.

Defendants deprived Plaintiff of constitutionally protected property and liberty interests by:

- Conducting hearings without jurisdiction;

- Muting Plaintiff's microphone and denying him the right to affirm;

- Denying the opportunity to be heard or contest the enforcement action;

- Issuing child support orders without valid court authority.

*(*Bell v. Burson*, 402 U.S. 535, 539 (1971) — holding that due process requires an opportunity to be heard prior to revoking a driver's license when the license is essential to earning a living.)
*(*Mathews v. Eldridge*, 424 U.S. 319 (1976) — establishing a three-part balancing test to determine what process is due before government deprivation of benefits.)

---

## Count 2 — Violation of Equal Protection Rights (14th Amendment)

Plaintiff was treated differently than similarly situated individuals by Defendants' use of biased administrative enforcement actions, without meaningful judicial process or opportunity to challenge the debt.

*(*Boddie v. Connecticut*, 401 U.S. 371, 374 (1971) — holding that access to courts in matters involving fundamental rights, such as child support and family matters, is protected by due process and equal protection.)

---

### Count 3 — Deprivation of Rights Under Color of Law (18 U.S.C. § 242)

Defendants acted under Color Of State Law to deprive Plaintiff of rights guaranteed under the Constitution and federal law by issuing fraudulent enforcement orders and taking property without due process.

*(*United States v. Classic*, 313 U.S. 299 (1941) — affirming that misuse of power by officials under the color of law to deprive constitutional rights can be federally prosecuted.)

---

### Count 4 — Violation of 28 U.S.C. § 1691 (Invalid Process and Orders)

Defendants issued administrative child support orders that lack the judicial signature and seal required under **28 U.S.C. § 1691.**

*(*Dynes v. Hoover*, 61 U.S. 65 (1857) — establishing that a tribunal acting outside its authority renders its judgments void.)
*(*In re Winn*, 213 U.S. 458 (1909) — holding that a judgment issued by a court without jurisdiction is Coram Non Judice and has no legal force.)

*(*Tumey v. Ohio, 273* U.S. 510 (1927)-Protects improper mixing of executive/judicial functions.)

*(*District of Columbia Court of Appeals v. Feldman,* 460 U.S.462 (1983)- Only judicial acts by courts can bind the parties in the judicial process.)

*(*United States v. Providence Journal C0.,* 485 U.S. 693 (1988)- Reinforces 28 U.S.C §1691 procedural safeguards.)

*(*Bell v. Burson,* 402 U.S.C 535 (1971)- Administrative actions without sufficient due process is unconstitutional.

## Count 5 — False Claims Act Violations (31 U.S.C. §§ 3729–3733)

Defendants knowingly submitted false claims for federal matching funds under Title IV-D, without lawful debt validation or court orders, constituting a violation of the False Claims Act.

*(*United States ex rel. Marcus v. Hess*, 317 U.S. 537 (1943) — recognizing the government's right to recover treble damages from those who defraud public programs.)

*(*United States v. Bornstein, 423* U.S.C 303 (1976)- Liability extends to those who cause third parties to submit false claims.)

*(*United States v. rel. Hutcheson v. Blackstone Medical, Inc.* 647 F.3d377 (1st Cir. 2011))- FCA violations include claims tainted by underlying misconduct, even if literally true.

## Count 6 — Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)

Defendants conspired to unlawfully enforce void child support orders against Plaintiff by coordinating to suppress lawful objections and judicial disqualification demands.

*(*Tucker v. City of Montgomery Bd. of Comm'rs*, 410 F. Supp. 494, 502 (M.D. Ala. 1976) — holding that conspiracy claims under § 1985(3) may proceed where there is evidence of discriminatory intent and denial of constitutional rights.)

## Count 7 — Enforcement of Unlawful Regulations in Violation of Federal Executive Policy and Supreme Court Precedent

Defendants enforced administrative rules that were declared unlawful and unconstitutional under recent U.S. Supreme Court precedent and federal executive policy.

- *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) — overruled Chevron deference; courts must independently interpret federal statutes rather than defer to agencies.

- *SEC v. Jarkesy*, 603 U.S. 109 (2024) — held that administrative adjudication of civil penalties violates the Seventh Amendment right to jury trial.

- *West Virginia v. EPA*, 597 U.S. 697 (2022) — established the Major Questions Doctrine: agencies cannot implement major policy decisions without clear congressional authorization.

- *Michigan v. EPA*, 576 U.S. 743 (2015) — held that agencies must conduct meaningful cost-benefit analysis when imposing regulatory burdens.

Defendants' continued enforcement of Title IV-D regulations — including license suspensions, garnishments, and use of hearing officers — violates the express guidance of **Executive Order 14219** (Feb. 19, 2025) and the April 9, 2025 **Presidential Memorandum** ordering immediate repeal of unlawful agency regulations under these precedents.

---

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cedric Moore respectfully requests that this Honorable Court grant the following relief:

(a) Enter declaratory judgment that all administrative orders issued against Plaintiff by Defendants in Case No. 2022 DR 000997 are void *Ab Initio* due to lack of jurisdiction and violation of **28 U.S.C. § 1691**;

(b) Enter declaratory judgment that Defendants violated Plaintiff's constitutional rights to due process, equal protection, and property rights under the Fourteenth Amendment;

(c) Enter a permanent injunction restraining Defendants from enforcing any administrative child support orders or related penalties against Plaintiff without proper judicial process and compliance with federal law;

(d) Enter declaratory judgment that Defendants' actions constitute unlawful deprivation of rights under color of law in violation of **42 U.S.C. § 1983** and **18 U.S.C. §§ 241, 242**;

(e) Enter judgment for compensatory and punitive damages against Defendants in an amount to be proven at trial;

(f) Award all other damages, equitable relief, or monetary relief as the Court deems just and proper;

(g) Enter declaratory judgment that Florida Department of Revenue's administrative child support enforcement actions are unconstitutional and unlawful under *Loper Bright Enterprises v. Raimondo*, *SEC v. Jarkesy*, *West Virginia v. EPA*, and Executive Order 14219;

(h) Enter an injunction requiring the Florida Department of Revenue and Escambia County to cease enforcement of all Title IV-D administrative actions pending formal repeal or revision under federal executive directive and applicable Supreme Court rulings;

(i) Incorporate into the record *Exhibit B* – White House Memorandum (April 9, 2025), requiring repeal of unlawful administrative rules.

---

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

---

**Respectfully submitted,**
Cedric Moore
Pro Se Plaintiff

5246 Peacock Dr.

Milton, Florida 32570

Email: Cedricmmoore@gmail.com

Date: 6/12/25

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint has been served upon all Defendants via U.S. Mail or appropriate service method in compliance with Federal Rules of Civil Procedure.

Date: 6/12/25

Signature:

Cedric Moore